**UNITED STATES of America,**
**Appellant,**

v.

**Peter COLLORAFI, Defendant–Appellee.**

**No. 391, Docket 88–1281.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 10, 1988.

Decided May 31, 1989.

John Gleeson, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., and Kevin O'Regan, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for appellant.

William C. Waller, Jr., Denver, Colo. (Waller, Mark & Allen, P.C., Denver, Colo., of counsel), for defendant-appellee.

Before: LUMBARD, VAN GRAAFEILAND and ALTIMARI, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

The United States appeals, pursuant to 18 U.S.C. § 3731, from an *in limine* order of the United States District Court for the Eastern District of New York (Mishler, J.) holding inadmissable in this tax evasion prosecution two memorandum decisions and orders which had dismissed defendant's earlier civil challenges to the federal income tax on wages. We reverse.

Peter Collorafi was indicted on four counts of willfully failing to file income tax returns for the tax years 1982 and 1983 and of willfully attempting to evade income taxes by filing W–4 forms with his employer in which he claimed that he was exempt from tax withholdings. 26 U.S.C. §§ 7203 and 7201. During the relevant tax years, Collorafi was employed by, and received wages from, American Airlines. Collorafi does not deny that he failed to pay income taxes for the years 1982 and 1983. Instead, his defense at trial will be that his failure to file was not willful because he had a good faith belief, supported by advice of counsel, that wages are not income.

In 1983, Collorafi and twenty-five other taxpayers, represented by attorney Adrienne Flipse, brought two actions against the United States in the United States District Court for the Eastern District of New York, in each of which the claim was made that wages are not taxable income. In the first action, CV 83–1033, the plaintiffs sought a refund of income taxes previously paid. In the second, CV 83–1034, they sought a declaratory judgment that their

wages were not subject to withholding for the benefit of the Internal Revenue Service. These cases were assigned to Judge Mishler.

On December 2, 1983, Judge Mishler granted the Government's motions to dismiss both complaints for failure to state a claim upon which relief could be granted. Judge Mishler was unequivocal in his decisions. In dismissing CV 83–1033, he stated, "we hold that the complaint filed in the instant case is wholly without merit. It is another rehash of an issue that was decided long ago.... These assertions have no legal foundation and are frivolous." He then assessed attorney's fees against Collorafi and Flipse pursuant to 28 U.S.C. §§ 2412 and 1927, stating that "[m]ost law students would probably recognize the frivolity of this action. There is no justifiable excuse for these actions. Plaintiffs were apparently using the federal courts to further contentions announced in the media. Such use of the federal courts is improper." In similar fashion, Judge Mishler dismissed CV 83–1034 and awarded fees to the Government. "We find this action wholly without merit.... We again question the competence of plaintiff's [sic] attorney in bringing this action."

Judgments were entered in the two actions on December 13, 1983, and Collorafi filed notices of appeal on February 10, 1984. On March 6, 1984, six weeks before the April 15 deadline for filing 1983 tax returns, Collorafi's appeal in CV 83–1034 was dismissed for failure to comply with the rules of this Court. On April 26, 1984, the appeal in CV 83–1033 was withdrawn by stipulation. Subsequently, Collorafi pursued some non-litigious remedies, consulted new counsel, filed all his delinquent returns and paid his back taxes.

In February 1988, Collorafi was indicted on the current charges. This criminal case also was assigned to Judge Mishler. Prior to trial, the Government made known its intention to introduce Judge Mishler's two decisions into evidence with his name redacted, the purpose being to show that after reading these decisions Collorafi could no longer believe in good faith that his wages were not income and that therefore his failure to pay taxes was willful. At a pretrial hearing, Judge Mishler *sua sponte* announced that he would not allow the Government to put the decisions in evidence. This was error.

■ In order for the Government to prosecute successfully for violations of sections 7201 and 7203, it must prove more than mere failure to file and pay. It must prove that these acts were done willfully, *i.e.*, in bad faith or with evil intent. *United States v. Bishop*, 412 U.S. 346, 359–61, 93 S.Ct. 2008, 2016–18, 36 L.Ed.2d 941 (1973). Since bad faith and evil intent involve intangible mental processes, proof of willfulness usually must be accomplished by means of circumstantial evidence. *United States v. Brown*, 591 F.2d 307, 311 (5th Cir.), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). This being so, trial courts should follow a liberal policy in admitting evidence directed towards establishing the defendant's state of mind. No evidence which bears on this issue should be excluded unless it interjects tangential and confusing elements which clearly outweigh its relevance. *Vinieris v. Byzantine Maritime Corp.*, 731 F.2d 1061, 1064 (2d Cir.1984), and cases cited therein.

Thus, proof that knowledgeable persons warned the defendant of tax improprieties has been admitted in numerous cases as proper circumstantial evidence of knowledge and wrongful intent. *See, e.g., United States v. Gustafson*, 728 F.2d 1078, 1081–84 (8th Cir.) (letter from bank examiner criticizing banking transaction), *cert. denied*, 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984); *United States v. Durant*, 324 F.2d 859, 862–64 (7th Cir.1963) (warning by tax examiners that practice of taking corporate tax deductions for personal expenditures was improper), *cert. denied*, 377 U.S. 906, 84 S.Ct. 1165, 12 L.Ed.2d 177 (1964). Similarly, proof that a defendant continued a tax practice that already had been held unlawful by a federal

judge is strong circumstantial evidence of wrongful intent. *United States v. Ebner,* 782 F.2d 1120, 1125–26 (2d Cir.1986); *United States v. Schiff,* 801 F.2d 108, 112 (2d Cir.1986), *cert. denied,* 480 U.S. 945, 107 S.Ct. 1603, 94 L.Ed.2d 789 (1987).

It is not clear to us why the district court held that evidence of its prior rulings was inadmissible. The district court stated at one point that its decision in CV 83–1033 "wasn't a final judgment. There was an appeal pending." At another point, the district court said:

It seems the appeal was withdrawn before he filed his W–4. But it certainly isn't the law of the case until the judgment becomes final and that would be the basis of binding the taxpayer to what I said.

■ These statements misconstrue the Government's argument for admissibility, which is based, not on the law of the case, but on the probative value of the prior district court opinions as evidence of knowledge and wrongful intent. The evidence was clearly relevant for this purpose. "Evidence of warnings by government agents, followed by continued activity of the same character, is certainly relevant." *United States v. Angelini,* 607 F.2d 1305, 1311 (9th Cir.1979).

The district court also erred in holding that Collorafi did not have "notice of the law" as set forth in the district court's earlier opinions until April 24, 1984 [sic], the date on which his appeal in CV 83–1033 was withdrawn by stipulation. The district court failed to take into account the fact that the appeal from the dismissal of Collorafi's declaratory judgment action, which the district court had found to be "completely without merit", was dismissed on March 6, 1984, six weeks before the April 15 filing deadline. Moreover, the district court's decision negates completely the authoritative effect of the district court's earlier reasoned and judicious statements of the law.

The decision here had been rendered by a federal court. As we noted in *Ebner,* such a prior decision is an "authoritative statement" on the law. 782 F.2d at 1125–26. It was thus powerful evidence that [Collorafi] could no longer reasonably believe that his contrary view of the law was correct.

*United States v. Schiff, supra,* 801 F.2d at 112. Under the circumstances, we have no alternative save to treat the district court's holding as an abuse of discretion.

■ Although the district court made a passing reference to the possibility of confusion, this did not satisfy the requirements of Fed.R.Evid. 403, which permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of prejudice and confusion. "When a trial court excludes evidence under Rule 403, it should provide a clear statement of its reasons for doing so on the record, . . ." and should make a "conscientious assessment" of whether unfair prejudice or confusion outweighs the proffered evidence's probative force. *United States v. Jamil,* 707 F.2d 638, 642 (2d Cir. 1983). A mere statement that evidence would be confusing is not enough; factual controversy breeds confusion. The purpose of section 403 is to eliminate misleading and prejudicial confusion.

The errors in the district court's ruling were neither eliminated nor mitigated by the court's allusion to the remote possibility that it might permit its prior opinions to be used in the cross-examination of Collorafi's former counsel, Ms. Flipse. The Government was required to prove Collorafi's state of mind, not Ms. Flipse's. Moreover, the district court gave no assurance that even Ms. Flipse could be questioned concerning the opinions at issue. The "practical effect" of the district court's order was the suppression of relevant and proper evidence. *See United States v. Horwitz,* 622 F.2d 1101, 1105 (2d Cir.1980), *cert. denied,* 449 U.S. 1076, 101 S.Ct. 854, 66 L.Ed.2d 799 (1981) (quoting *United States v. Beck,* 483 F.2d 203, 206 (3d Cir. 1973), *cert. denied,* 414 U.S. 1132, 94 S.Ct. 873, 38 L.Ed.2d 757 (1974)).

The decision and order appealed from must be, and is, reversed. Mandate shall issue forthwith.