**UNITED STATES of America,**
**Appellee,**

v.

**Tyree ROBINSON Defendant–**
**Appellant.**

**No. 01–1594.**

United States Court of Appeals,
Second Circuit.

Jan. 3, 2003.

William J. Nardini, Assistant United States Attorney, (Jeffrey A. Meyer, Assistant United States Attorney, John A. Danher, United States Attorney for the District of Connecticut, Richa Shyam, Law Student Intern, on the brief), New Haven, CT., for Appellee.

Jeremiah Donovan, Rita Christopher, Old Saybrook, CT., for Defendant–Appellant.

PRESENT: CALABRESI, B.D. PARKER, Jr. and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL ·NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE· ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 3rd of January, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the. judgment of the District Court be and it hereby is AFFIRMED.

Defendant–Appellant Tyree Robinson ("Appellant" or "Defendant") appeals from a jury trial resulting in conviction and a sentence of 96 months' imprisonment for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

The appellant identifies five principal questions on appeal: (1) whether the court erred in giving a "general unanimity instruction" to the jury, rather than specifying that the jurors had to agree unanimously as to the particular day on which the defendant possessed the firearm; (2) whether the court abused its discretion in handling the government's belated, midtrial disclosure of a police videotape recorded moments after the defendant was

arrested; (3) whether Defendant's rights under Fed.R.Crim.P. 43 were violated by two chambers conferences, in which he did not participate, regarding a juror's potential bias; (4) whether the court erred in imposing a sentencing enhancement for perjury; and (5) whether Defendant received ineffective assistance from his trial counsel. The fifth issue need not long detain us, as Appellant asks that we refrain from deciding the matter so that he can better develop the factual record and pursue his ineffective assistance claim on a habeas petition. Given the agreed-upon need for further factual development, this is the suitable course. *See United States v. Williams,* 205 F.3d 23, 35 (2d Cir.2000).

Since the defense did not object below (1) to the general unanimity instruction or (2) to the court's decision not to invite Defendant to attend the in-chambers conferences, we review the court's actions for plain error. *See United States v. Thomas,* 274 F.3d 655, 667 (2d Cir.2001) ("[B]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights.... If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (internal quotation marks and citations omitted)). "An error is plain if it is clear or obvious at the time of appellate consideration." *Id.* (internal quotation marks omitted).

 Our circuit permits the use of general unanimity instructions "except in cases where the complexity of the evidence or other factors create a genuine danger of jury confusion," *United States v. Schiff,* 801 F.2d 108, 114–15 (2d Cir.1986). That

is not this case. After explaining that the government was not required to prove possession "on both of the dates listed in the indictment," the trial court charged the jury that the government did have the "burden ... to prove that the defendant committed a crime on one of the two dates alleged, or on a date reasonably near either of the two dates alleged." This instruction, coupled with the court's general unanimity charge, would fairly alert an average juror that unanimity was required as to "one of the two dates" of possession. Indeed, we have upheld general unanimity instructions in cases that were considerably more complicated than the one before us. *See, e.g., United States v. Shaoul,* 41 F.3d 811, 817–18 (2d Cir.1994) (general unanimity instruction acceptable in complex conspiracy case involving schemes to defraud insurance company). Accordingly, we cannot say that the court made a "clear or obvious" error.[1] Defendant fares no better with his claim that the trial judge erred in not inviting Defendant's attendance at two in-chamber conferences, during which the judge and counsel for both parties (1) decided how to respond to an anonymous tip regarding a juror who allegedly was biased against the defendant, and (2) interviewed that juror. The juror in question was properly removed, so we deem any error that may have been made harmless. *Cf. Yarborough v. Keane,* 101 F.3d 894, 899 (2d Cir.1996) (using harmless-error analysis to excuse the defendant's absence from a hearing on whether to disqualify a prosecution eye-witness).

As for the late-disclosed videotape, we find that the court did not abuse its discretion (a) in denying the defense's motions for a mistrial and for a continuance sufficient to procure expert examination of the

1. It is unavailing on plain-error review for Defendant to suggest that *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) undermines the Second Circuit precedents that approve of general instructions, for *Richardson* does not address the choice between general and specific unanimity instructions.

tape, or (b) in granting the defense only a limited opportunity for a private viewing of the tape. We affirm the court's rulings in these respects substantially for the reasons that it stated, and we note that even at this late date, the defendant has not shown prejudice, i.e., how earlier disclosure of the tape, or a longer continuance, would have altered his trial plan. The cases cited by the appellant are not on point. The videotape was not relied upon by the prosecution, in contrast to the late-disclosed evidence in *United States v. Kelly*, 420 F.2d 26, 28–29 (2d Cir.1969) and *United States v. Edwardo–Franco*, 885 F.2d 1002, 1009 (2d Cir.1989). And the videotape did not compromise the defendant's trial strategy, as did the tardy disclosure in *United States v. Thomas*, 239 F.3d 163, 168 (2d Cir.2001).

The remaining issue for us to consider is whether the sentencing court erred in enhancing Appellant's sentence for perjury. Appellant does not dispute that the court made the requisite findings "that the defendant 1) willfully 2) and materially 3) committed perjury," *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir.1997), but Appellant asks us to disallow enhancements for perjury except where the jury's guilty verdict necessarily reflects a disbelief in the defendant's testimony. This we cannot do, as *United States v. Fan*, 36 F.3d 240, 247 (2d Cir.1994) is to the contrary.

We have reviewed Appellant's other arguments and suggestions, and find no merit in them. Accordingly, the judgment of the district court is AFFIRMED. Appellant's ineffective assistance of counsel claim is rejected without prejudice to renewal in a subsequent timely habeas petition.