**UNITED STATES of America,**
**Appellee,**

v.

**Kevin HARRIS, aka Black,**
**Defendant–Appellant.**

**No. 14–458.**

United States Court of Appeals,
Second Circuit.

March 17, 2015.

Malvina Nathanson, New York, NY, for Appellant.

Kevin J. Doyle, Gregory L. Waples, Assistant United States Attorneys, for Eugenia A. Cowles, Acting United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

PRESENT: RICHARD C. WESLEY, DEBRA ANN LIVINGSTON and SUSAN L. CARNEY, Circuit Judges.

**SUMMARY ORDER**

After a jury trial, Defendant–Appellant Kevin Harris appeals from his convictions for conspiracy to distribute heroin and 28 grams or more of a mixture containing cocaine base, distributing heroin and cocaine base, and possessing, with intent to distribute, heroin and cocaine base. We assume the parties' familiarity with the facts of this case. Harris, proceeding through counsel, raises two issues on appeal, and he raises additional issues in his pro se submission.

First, Harris argues that a confidential informant's identification of him prior to trial was inadmissible because the use of a simultaneous identification display created the danger that the informant would choose the photo that most resembled Harris, rather than encouraging the informant to independently compare each of the photos to her recollection of the perpetrator. To determine whether an identification procedure violated due process, a court must (1) "determine whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator," and, if so, (2) "then determine whether the identification was nonetheless independently reliable." *Raheem v. Kelly,* 257 F.3d 122, 133 (2d Cir.2001). Based on all the circumstances present in this case, we conclude that the district court's admission of the identification evidence was not clearly erroneous. *See United States v. Douglas,* 525 F.3d 225, 242 (2d Cir.2008) ("We review the district court's determination of the admissibility of identification evidence for clear error." (internal quotation marks omitted)). Harris concedes that no binding precedent seriously questions the use of simultaneous photo arrays nor does he point to circumstances rendering the si-

multaneous array used here unduly and unnecessarily suggestive. Thus, the district court did not make a clear error in evaluating the identification process here.

Second, Harris contends that the special verdict form was impermissible because it did not expressly state the requirement that the jury be unanimous in its finding of the amount of cocaine base involved in the conspiracy.[1] "[A] jury must reach a unanimous verdict as to the factual basis for a conviction, at least insofar as that basis can be broken down into distinct conceptual groupings of facts." *United States v. Schiff*, 801 F.2d 108, 114 (2d Cir.1986) (internal quotation marks and citations omitted). In this case, the district court instructed the jury that its verdict must be unanimous. We conclude that the general unanimity charge was sufficient because this case was not complex and nothing in the special verdict form contradicted the unanimity requirement. *See id.* at 114–15. It was not plain error to fail to reiterate the unanimity requirement in the special verdict form.

For the reasons stated above, the judgment of the district court is **AFFIRMED.**[2]

---

1. "Because there was no objection at trial to this instruction, we review for plain error." *United States v. Mandell*, 752 F.3d 544, 550 (2d Cir.2014) (per curiam), *cert. denied*, No. 147056, —— U.S. ——, 135 S.Ct. 1402, ——, —— L.Ed.2d ——, 2015 WL 731966, at *1 (U.S. Feb. 23, 2015); *see also* Fed.R.Crim.P. 30(a)-(d).

2. We have considered Harris's pro se arguments and consider them to be without merit.