14-458
*United States v. Harris*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of March, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
          SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          -v.-                                          No. 14-458

KEVIN HARRIS, AKA Black,

                    *Defendant - Appellant.*

_____

FOR APPELLANT:       Malvina Nathanson, New York, NY.

FOR APPELLEE:         Kevin J. Doyle, Gregory L. Waples, Assistant United States Attorneys, *for* Eugenia A. Cowles, Acting United States Attorney for the District of Vermont, Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Sessions, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

After a jury trial, Defendant-Appellant Kevin Harris appeals from his convictions for conspiracy to distribute heroin and 28 grams or more of a mixture containing cocaine base, distributing heroin and cocaine base, and possessing, with intent to distribute, heroin and cocaine base. We assume the parties' familiarity with the facts of this case. Harris, proceeding through counsel, raises two issues on appeal, and he raises additional issues in his pro se submission.

First, Harris argues that a confidential informant's identification of him prior to trial was inadmissible because the use of a simultaneous identification display created the danger that the informant would choose the photo that most resembled Harris, rather than encouraging the informant to independently compare each of the photos to her recollection of the perpetrator. To determine

whether an identification procedure violated due process, a court must (1) "determine whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator," and, if so, (2) "then determine whether the identification was nonetheless independently reliable." *Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001). Based on all the circumstances present in this case, we conclude that the district court's admission of the identification evidence was not clearly erroneous. *See United States v. Douglas*, 525 F.3d 225, 242 (2d Cir. 2008) ("We review the district court's determination of the admissibility of identification evidence for clear error." (internal quotation marks omitted)). Harris concedes that no binding precedent seriously questions the use of simultaneous photo arrays nor does he point to circumstances rendering the simultaneous array used here unduly and unnecessarily suggestive. Thus, the district court did not make a clear error in evaluating the identification process here.

Second, Harris contends that the special verdict form was impermissible because it did not expressly state the requirement that the jury be unanimous in

its finding of the amount of cocaine base involved in the conspiracy.[1]  "[A] jury must reach a unanimous verdict as to the factual basis for a conviction, at least insofar as that basis can be broken down into distinct conceptual groupings of facts."  *United States v. Schiff*, 801 F.2d 108, 114 (2d Cir. 1986) (internal quotation marks and citations omitted).  In this case, the district court instructed the jury that its verdict must be unanimous.  We conclude that the general unanimity charge was sufficient because this case was not complex and nothing in the special verdict form contradicted the unanimity requirement.  *See id.* at 114-15.  It was not plain error to fail to reiterate the unanimity requirement in the special verdict form.

For the reasons stated above, the judgment of the district court is

**AFFIRMED**.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] "Because there was no objection at trial to this instruction, we review for plain error." *United States v. Mandell*, 752 F.3d 544, 550 (2d Cir. 2014) (per curiam), *cert. denied*, No. 14-7056, 2015 WL 731966, at *1 (U.S. Feb. 23, 2015); *see also* Fed. R. Crim. P. 30(a)-(d).

[2] We have considered Harris's pro se arguments and consider them to be without merit.