UNITED STATES of America, Appellee,

v.

Eddie HARRIS, Delaine Gipson, Gilbert Harris, Sheila Boykin, Anthony McFadden and Liz Jones, Defendants,

Edward Guy, Defendant–Appellant.

No. 154, Docket 93–1195.

United States Court of Appeals, Second Circuit.

Argued Sept. 14, 1993.

Decided Nov. 3, 1993.

Norman Andrew Palmiere (Palmiere & Pellegrino, P.C.), Rochester, NY, for defendant-appellant.

Dennis C. Vacco, U.S. Atty., W.D.N.Y. (Christopher V. Taffe, Asst. U.S. Atty., of counsel), for appellee.

Before: OAKES and MAHONEY, Circuit Judges, and MISHLER, District Judge.*

MISHLER, Senior District Judge:

Defendant–Appellant Edward Guy appeals from a judgment entered in the United States District Court for the Western District of New York (Larimer, J.) after a jury trial. Guy was charged by count two of an eight count indictment with conspiracy to possess with the intent to distribute cocaine. He was further charged in count eight of the indictment with attempt to possess with intent to distribute cocaine and/or aiding and abetting another person (Delaine Gipson) in her attempt to possess with the intent to distribute cocaine. The other six counts of the indictment pertained to various other members of the conspiracy, which was headed by Eddie Harris. Gipson was the intermediary between Guy and Harris. Various other people acting as cocaine sources were involved in the operation as well. Guy was the only defendant tried; all of the other defendants entered guilty pleas. None of the co-defendants testified at trial.

Guy was first tried in September, 1992. The jury was unable to reach a verdict, and a mistrial resulted. Guy was retried and convicted of both the conspiracy and attempt charges. He was sentenced to seventy-two months imprisonment following his conviction.

### BACKGROUND

The evidence showed that Guy had made arrangements to sell drugs to Delaine Gipson. Three taped telephone conversations between Guy and Gipson were admitted into evidence and formed the bulk of the evidence against Guy. Numerous other telephone calls among the various members of the conspiracy were also admitted. According to the transcript of the conversations between Guy and Gipson, Guy was to provide "one" or "two" to Gipson, which was interpreted by government witnesses to mean one or two kilograms of cocaine. During their conversations, Guy told Gipson that "one is two-eight and one is two-nine". Government witnesses testified that this meant one of the kilograms was selling for $28,000 and one for $29,000 due to differing quality.

The conversation between Guy and Gipson suggested that the two were familiar with one another. Guy recommended that Gipson stay at the Westin Hotel, which was right across the street from where she had previously stayed, and was also less expensive. At the time of the transaction, Guy was in Florida and Gipson was in Rochester, New York. During their second conversation, the two made arrangements to meet on Tuesday, July 3, 1990. The next day, after once again talking with Guy, Delaine Gipson called U.S. Air and booked a flight to Ft. Lauderdale. Government agents followed Ms. Gipson onto the plane and continued surveillance in Florida. The agents lost contact with Ms. Gipson at the Westin Hotel.

When Gipson arrived back at Monroe County Airport in Rochester on July 5, 1990, she was arrested by agents of the Drug Enforcement Administration. A search of her person and luggage revealed no cocaine, but agents found $59,160 in cash and an address book containing Guy's name, along with a confirmation notice for the Westin Hotel and a room receipt for a two night stay at the Marriott Cypress Creek Hotel.

Guy moved pursuant to Fed.R.Crim.P. 29 for a judgment of acquittal, contending that the government failed to show Guy's awareness of a conspiracy. Guy claimed that the connection between himself and the conspiracy was at best minimal, and there was no evidence of "something larger than the drug deal between Guy and Gipson". The district court denied the motion, citing evidence of

---

* Hon. Jacob Mishler, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

the familiarity between Guy and Gipson as well as the wholesale amounts of cocaine involved in the transaction.

At trial, Guy requested that the jury be instructed that in order to find him guilty as to count eight (attempt to possess and/or aiding and abetting attempted possession) of the indictment, the jury had to unanimously agree as to whether he was guilty of attempt or aiding and abetting an attempt.[1] Judge Larimer refused to give such a charge, but he instructed the jury that the verdict had to be unanimous as to each count alleged in the indictment.[2] Guy claims that in the absence of a specific charge requiring unanimity of ground, the jury was free to convict him with less than a unanimous verdict. If, for example, five jurors thought Guy attempted to possess cocaine and seven thought he aided and abetted Gipson's attempt, he could still be convicted on count eight. Guy claims the potential lack of consensus which might result from the absence of a specific unanimity charge violated his right to a unanimous determination of guilt.

Guy also challenges his convictions of attempt and conspiracy on the grounds that there was insufficient evidence as a matter of law to uphold the jury's finding of guilt. Additionally, Guy challenges Judge Larimer's calculation of the sentence imposed.

### DISCUSSION

#### I. The Jury Charge

In refusing to charge the jury according to the defendant's request, Judge Larimer relied on *United States v. Peterson*, 768 F.2d 64 (2d Cir.1985), *cert. den'd*, 474 U.S. 923, 106 S.Ct. 257, 88 L.Ed.2d 264 (1985) and *United States v. Schiff*, 801 F.2d 108 (2d Cir.1986), *cert. den'd*, 480 U.S. 945, 107 S.Ct. 1603, 94 L.Ed.2d 789 (1987).

In *Peterson* one count of a three count indictment charged the defendant with possessing with intent to distribute heroin and also a violation of 18 U.S.C. § 2. The defendant claimed that the judge's instructions to the jury, which consisted of a general unanimity charge, might have left the jury free to convict him without the jurors unanimously agreeing who was the aider and abettor and who was the principal as between him and the co-defendant. We rejected Peterson's claims and affirmed his conviction, stating that a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications they find to be the predicate of the guilty verdict. *Id.* 768 F.2d at 67 (quoting *United States v. Natelli*, 527 F.2d 311, 325 (2d Cir.1975), *cert. denied*, 425 U.S. 934, 96 S.Ct. 1663, 48 L.Ed.2d 175 (1976)).

In *Schiff* we held that a "jury must reach a unanimous verdict as to the factual basis for a conviction." *Id.* 801 F.2d at 114. More importantly, in *Schiff* we also held that a general charge regarding unanimity is ordinarily sufficient to protect the defendant's right to a unanimous verdict. *Id.* at 114–115. While a specific charge regarding unanimity of the factual basis for the verdict may be given, it is not error to refuse to give such a charge. *Id.* at 115 (citing *Natelli*, 527 F.2d at 325).

In *Griffin v. United States*, —— U.S. ——, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), *reh'g den'd*, —— U.S. ——, 112 S.Ct. 1253, 117 L.Ed.2d 484 (1991), the Supreme Court reached a similar result. There the Court considered a conspiracy conviction based on one count in an indictment which charged the defendant with a conspiracy which was alleged to have had two objects, one involving the Internal Revenue Service ("I.R.S.") and

---

1. The defendant requested the following charge: The government is proceeding on two theories of attempt against Mr. Guy. If the Government convinces you beyond a reasonable doubt on either of the two theories, then you may find Mr. Guy guilty on the attempt Count of the Indictment. However, remember that if you find Mr. Guy guilty of attempt, all twelve of you must unanimously agree on the specific theory of attempt. It is not sufficient if a few of you find he is guilty on the one theory and the remaining members believe he was guilty on the second theory. You may only return a guilty verdict, if all twelve of you agree on the specific theory of attempt.

2. Judge Larimer instructed the jury in connection with count eight that "as always, your verdict must be unanimous." He further instructed the jury that "your verdict must be unanimous on each count."

one involving the Drug Enforcement Administration ("D.E.A."). The evidence at trial failed to connect the defendant to the D.E.A. object of the conspiracy. The defendant requested a charge instructing the jury that she could be found guilty only if she was aware of the I.R.S. object of the conspiracy. Her request was denied, and the jury was instructed in such a way that Griffin could have been convicted if the jury believed she was guilty of either the I.R.S. or the D.E.A. object of the conspiracy. Griffin was subsequently convicted.

In affirming her conviction, the Supreme Court pointed out that "[i]t was settled law in England before the Declaration of Independence, and in this country long afterwards, that a general jury verdict was valid so long as it was legally supportable on one of the submitted grounds—even though that gave no assurance that a valid ground, rather than an invalid one, was actually the basis for the jury's action." *Griffin,* —— U.S. at ——, 112 S.Ct. at 469 (1991). The Court held that while a conviction would have to be reversed if a general verdict of guilty came in where one of the grounds was unconstitutional or legally barred (as in the running of the statute of limitations, for instance), the general guilty verdict would stand where the only claim was that one of the grounds was supported by insufficient evidence. *Id.* ——, 112 S.Ct. at 473. "If the evidence is insufficient to support an alternative legal theory of liability, it would generally be preferable for the court to give an instruction removing that theory from the jury's consideration. *The refusal to do so, however, does not provide an independent basis for reversing an otherwise valid conviction.*" *Griffin,* —— U.S. at ——, 112 S.Ct. at 474 (1991) (emphasis added).

Guy also challenges his conviction on count eight, arguing that the government presented insufficient evidence to support a conviction for an attempt *by him* to possess cocaine. (He does not contest the sufficiency of the evidence in support of the aiding and abetting theory.) In light of *Griffin,* there is no need to reach the issue of whether there was sufficient evidence to support the attempt conviction.

## II. The Conspiracy Conviction

■ "An appellant challenging the sufficiency of the evidence bears a very heavy burden." *United States v. Rivera,* 971 F.2d 876, 890 (2d Cir.1992). *See also, United States v. Torres,* 901 F.2d 205, 216 (2d Cir. 1990), *cert. den'd sub nom* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990); *United States v. Nusraty,* 867 F.2d 759, 762 (2d Cir.1989). The evidence must be viewed in the light most favorable to the government when determining whether any rational fact finder could have found the defendant guilty beyond a reasonable doubt. *Nusraty,* 867 F.2d at 762 (2d Cir.1989).

■ The evidence in this case clearly indicated a familiarity between Guy and Gipson. Moreover, the two were making arrangements to deal in wholesale quantities of cocaine. Given the amount of cocaine involved, Guy had to be aware that the transaction extended beyond him and Gipson. We have stated where advanced plans are made regarding the sale of narcotics in wholesale quantities, the "participants in the transaction may be presumed to know that they are part of a broader conspiracy." *United States v. Medina,* 944 F.2d 60, 65–66 (2d Cir.1991) (citing *United States v. Magnano,* 543 F.2d 431, 434–435 (2d Cir.1976), *cert. den'd sub nom.,* 429 U.S. 1091, 97 S.Ct. 1100, 1101, 51 L.Ed.2d 536 (1977)), *cert. den'd sub nom.,* —— U.S. ——, 112 S.Ct. 1508, 117 L.Ed.2d 646 (1992).

■ Additionally, it is well settled law that an individual need not know the identities of all coconspirators in order to be found guilty of being a member of the conspiracy. *United States v. Cepeda,* 768 F.2d 1515, 1516 (2d Cir.1985), citing *United States v. Artuso,* 618 F.2d 192, 197 (2d Cir.1980) (citing *Rogers v. United States,* 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344 (1951)), *cert. den'd,* 449 U.S. 861, 101 S.Ct. 164, 66 L.Ed.2d 77 (1980). This is not completely without limitation. The evidence must support the existence of the unknown people with whom the defendant allegedly conspired. *United States v. Cepeda,* 768 F.2d 1515 (1985). Given that the evidence is to be construed in favor of the government in determining sufficiency, there

appears to be little doubt that sufficient evidence existed in this case to support Guy's conviction.

■ In making his argument regarding the sufficiency of the evidence, appellant suggests that the government has proven multiple conspiracies rather than a single conspiracy. A defendant's challenge of a conspiracy conviction will not be successful based on the proof of multiple conspiracies absent a showing of substantial prejudice. *United States v. Cambindo Valencia*, 609 F.2d 603, 622 (2d Cir.1979) (citing *Berger v. United States*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)), *cert. den'd sub nom.* 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 795 (1980).

One of the principal considerations in determining the existence of prejudice is the "spill over effect" of permitting testimony regarding one conspiracy to prejudice the mind of the jury against the defendant who is not a part of that conspiracy but another. The spill over effect is most pronounced when there is a lengthy trial of numerous defendants. *See, United States v. Sperling*, 506 F.2d 1323, 1340 (2d Cir.1974), (cautioning the prosecution that it is exposing itself to reversal by bringing multi count indictments against numerous defendants and proceeding to trial against a dozen or more defendants at one time), *cert. den'd*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975). Guy was tried alone in a four day trial, which seriously undermines any possible claim of substantial prejudice.

### III. Calculation of Sentence

■ Guy's sentence of seventy-two months imprisonment rests upon Judge Larimer's finding with respect to the quantity of cocaine attributable to the transaction between him and Gipson. According to the Guidelines, the base offense level in drug cases is to reflect the weight of the substance involved. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(3) (Nov. 1992). Judge Larimer attributed two kilograms of cocaine to the negotiations between Guy and Gipson, which resulted in a base offense level of twenty-eight. Guy contends that only one kilogram should have been attributed, which would have resulted in a base offense level of twenty-six.

■ When called upon to review the sentence imposed by a District Court, "we must 'accept the findings of fact of the district court unless they are clearly erroneous.'" *United States v. Macklin*, 927 F.2d 1272 (2d Cir.1991) (citing 18 U.S.C. § 3742(e) (1988)), *cert. den'd*, — U.S. —, 112 S.Ct. 146, 116 L.Ed.2d 112 (1991). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.*, quoting, *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), *reh'g den'd*, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147 (1948).

During their first telephone conversation, Gipson and Guy clearly negotiated for the sale of two kilograms of cocaine.[3] During their second conversation, Guy informed Gipson that he had two kilograms available.[4] While it is true that Guy said "whichever one is here when you get here", such a statement is not sufficient to convince this court that Judge Larimer's finding that two kilograms of cocaine were negotiated is clearly erroneous. We see no reason to disturb the sentence imposed by the district court.

---

3. The following is excerpted from the transcript of a telephone call placed on June 30, 1990:
   Guy: ... Well let me know if it goin' be one or two. And I'll, I'm gonna go see him today.
   Gipson: I'll tell you what make it two. I'll definitely get two.
   Guy: Okay. All right. That's cool.

4. The following is excerpted from the transcript of a telephone call placed on July 1, 1990:
   Guy: Okay, and uh, they got two. They got two of 'em.

   Gipson: Okay.
   Guy: Okay they got two different ones. Okay, one is two-eight, one is two-nine. So....
   Gipson: Uh-huh.
   Guy: ... whichever one is here when you get here.
   Gipson: Okay.
   Guy: ... is that's how it, but you goin' be here tomorrow?

948

Accordingly, the judgment of the District Court is affirmed in all respects.