101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ralph GIORDANO; Alphonse V. Sisca; Robert Baviello;
Vincent J. Laforte; Joe Olivera; Edward J. Kavanaugh;
Ralph Agovino; Anthony Capuano; Anthony Damiani; Victor
Signorini; Angelo Piacentino; Renato Lindia; Steve
Picone; Jose Cesareo Gonzalez, Jr.; Anders Gueche; Steve
Alfisi, also known as "Dee Dee"; Alberto Yepez, also known
as "Albert"; and Eugene Dinapoli, Defnedants,
Victor Roussos; Genaro Perpinan; Frank Mandarino; Evelyn
Horta, also known as "Pee Wee"; and Charles
Guida, Defendants-Appellants.
 Nos. 94-1038, 94-1258, 94-1289, 94-1369, 95-1050.
 United States Court of Appeals, Second Circuit.
 April 12, 1996.
 
 Jonathan C. Scott, Melville, New York, for Victor Roussos.
 Sam A. Schmidt, Barocas & Schmidt, New York, New York, for Genaro Perpinan.
 Christine E. Yaris, New York, New York, for Frank Mandarino.
 James Roth, Hurwitz, Stampur & Roth, New York, New York, for Evelyn Horta.
 Steven K. Frankel, Frankel, Pariser & Rudder, New York, New York, for Charles Guida.
 Gary Stein, Assistant United States Attorney for the Southern District of New York, New York, New York.
 S.D.N.Y.
 APPEAL DISMISSED.
 Before FEINBERG, MAHONEY and CALABRESI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED as to defendants-appellants Frank Mandarino, Evelyn Horta, and Charles Guida. The appeal of defendants-appellants Victor Roussos and Genaro Perpinan is DISMISSED.
 
 
 3
 1. Defendants-appellants Victor Roussos, Genaro Perpinan, Frank Mandarino, Evelyn Horta, and Charles Guida appeal from judgments entered January 12, 1994, April 13, 1994, May 17, 1994, June 8, 1994, and January 13, 1995, respectively, in the United States District Court for the Southern District of New York that convicted them of various narcotics offenses relating to their participation in a heroin and cocaine conspiracy. Roussos pled guilty to conspiring to possess cocaine and heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Perpinan pled guilty to possessing cocaine with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). Mandarino, Horta, and Guida were convicted, following a jury trial, of conspiring to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Guida was also convicted of ten counts of possessing cocaine with intent to distribute and distributing cocaine, and five counts of possessing heroin with intent to distribute and distributing heroin, within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860. Defendants-appellants are currently serving their sentences.
 
 
 4
 2. We reject Mandarino's contention that the district court erred by admitting testimony by FBI Special Agent Valerie Vella regarding Vella's interpretation of the term "Charlie side," as used in a recorded telephone conversation between Mandarino and Alphonse Sisca. Vella testified that based upon her review of that and other conversations between Mandarino and Sisca, and upon her experience in narcotics investigations, she understood the term "Charlie side" to be a reference to cocaine. "We have noted that drug dealers rarely speak openly about their trade; instead they often engage in a so-called 'narcotics code.' " United States v. Cancelmo, 64 F.3d 804, 808 (2d Cir.1995) (quoting United States v. Sisca, 503 F.2d 1337, 1343 (2d Cir.), cert. denied, 419 U.S. 1008 (1974)). Accordingly, we have repeatedly upheld the use of expert testimony as to the meaning of coded conversations in narcotics transactions. See, e.g., United States v. Sureff, 15 F.3d 225, 228 n. 2 (2d Cir.1994); United States v. Boissoneault, 926 F.2d 230, 232-33 (2d Cir.1991) (collecting cases). Nothing in Vella's testimony warrants our departure from this settled rule.
 
 
 5
 3. We also reject the arguments made by Mandarino, Horta, and Guida that (1) the district court's instructions to the jury regarding the existence of a single conspiracy were erroneous, and (2) the evidence was insufficient to convict on a theory of a single conspiracy. Their contention that the district court was required to instruct the jury to find "mutual dependence and assistance among the conspirators" in order to find a single conspiracy is simply incorrect. A finding of "mutual dependance and assistance" is merely one way in which a single conspiracy may be proven. A showing of a "common aim or purpose among the participants" is another, United States v. Bertolotti, 529 F.2d 149, 154 (2d Cir.1975) (citing United States v. Agueci, 310 F.2d 817, 826 (2d Cir.1962), cert. denied, 372 U.S. 959 (1963)), as is "a permissible inference, from the nature and scope of the operation, that each actor was aware of his part in a larger organization where others performed similar roles equally important to the success of the venture," id. (collecting cases). Nor did the district court err when it defined multiple conspiracies as conspiracies having "distinct, different, or incompatible" purposes. By describing these purposes in the disjunctive, the instructions clearly permitted the jury to find the existence of multiple conspiracies without making a predicate finding of incompatible purposes.
 
 
 6
 4. Further, the evidence adduced at trial was sufficient to support a jury finding that Mandarino, Horta, and Guida were guilty of participating in the single charged conspiracy. The extent of the operation was sufficient to allow the jury to conclude that each of them knew that he or she was part of a broader conspiracy. See United States v. Harris, 8 F.3d 943, 946-47 (2d Cir.1993); United States v. Medina, 944 F.2d 60, 65-66 (2d Cir.1991), cert. denied, 503 U.S. 949 (1992). The evidence was also sufficient to allow the jury to infer that Mandarino was involved in cocaine, as well as heroin, distribution. In any event, "[a] conspiracy conviction based on a multi-object conspiracy may be upheld so long as evidence is sufficient with respect to at least one of the criminal objectives," United States v. Bilzerian, 926 F.2d 1285, 1302 (2d Cir.), cert. denied, 502 U.S. 813 (1991); see also Griffin v. United States, 502 U.S. 46, 59-60 (1991), and Mandarino was clearly involved in heroin-related aspects of the conspiracy.
 
 
 7
 5. Because Guida did not object at trial to the district court's jury instruction regarding his entrapment defense, we review for "plain error" Guida's claim that the instruction was erroneous. See Fed.R.Crim.P. 52(b). Guida correctly notes that an entrapment charge must instruct the jury to use a subjective standard in determining whether Guida was predisposed to commit the crimes charged. See United States v. Dunn, 779 F.2d 157, 160 (2d Cir.1985). Our review of the district court's instruction reveals that it conformed to this standard.
 
 
 8
 6. Mandarino challenges the district court's calculation of his base offense level under the United States Sentencing Guidelines. Specifically, Mandarino claims that he should not be held responsible, under U.S.S.G. § 2D1.1, for a kilogram heroin transaction that was under negotiation but never completed. However, " '[a] defendant convicted of a narcotics offense involving a transaction that was under negotiation but not completed should normally have his base offense level calculated on the basis of the quantity of narcotics that was under negotiation' unless the defendant 'neither intended nor was able to produce that amount.' " United States v. Payne, 63 F.3d 1200, 1211 (2d Cir.1995) (quoting United States v. Stevens, 985 F.2d 1175, 1182-83 (2d Cir.1993), and United States v. Alaga, 995 F.2d 380, 383 (2d Cir.1993), cert. denied, 114 S.Ct. 886 (1994) (citations omitted) (alteration in Payne )), cert. denied, 116 S.Ct. 1056 (1996). We find no clear error in the district court's determinations that Mandarino was "ready, willing and able" to "produce those quantities of narcotics" that he discussed, and that the quantity discussed was one kilogram of heroin.
 
 
 9
 7. Roussos and Perpinan seek to appeal their sentences despite the facts that (1) both Roussos and Perpinan executed written plea agreements expressly waiving their respective rights to appeal in the event that the district court sentenced them within stipulated ranges, and (2) the district court in fact sentenced them within those ranges. Such plea agreements, if knowingly and voluntarily made, are fully enforceable. See United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir.1995); United States v. Salcido-Contreras, 990 F.2d 51, 52-53 (2d Cir.) (per curiam), cert. denied, 113 S.Ct. 3060 (1993). We reject Roussos' arguments that he did not have adequate assistance of counsel with respect to his plea agreement and that his waiver was not knowing and voluntary, accordingly decline to review Roussos' and Perpinan's claims of sentencing error, and dismiss their appeals.