**Louis David JOHNSON, Jr.,**
**Plaintiff–Appellant,**

v.

**UNKNOWN IRVINE, named as R.U.O.,**
**Defendant–Appellee.**

No. 03–1487.

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2003.

Before: DAUGHTREY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Louis David Johnson Jr., a Michigan state prisoner, appeals pro se a district court order dismissing his civil rights complaint, filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Seeking monetary relief, Johnson filed this complaint against a prison guard in his official capacity. Johnson complained that defendant handled his medication, which he would prefer to receive directly from a nurse, so that he would not have to worry about being poisoned. A prison grievance attached to the complaint showed that Johnson's claim was rejected because the medication was enclosed in an envelope and not subject to tampering by defendant. The district court dismissed the complaint sua sponte for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). Johnson reiterates his claim on appeal.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, because Johnson could prove no facts which would entitle him to relief. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir.1993). The district court properly concluded that the complaint was barred by the Eleventh Amendment, because it sought monetary damages from a state employee in his official capacity. *Doe v. Wigginton*, 21 F.3d 733, 736–37 (6th Cir. 1994). Moreover, Johnson's unfounded fear that he might be harmed is not a basis for imposing liability on defendant. Accordingly, the dismissal of this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.