UNITED STATES of America,
Appellee,

v.

Raymond VALENCIA, also known as
"Panama," Defendant–Appellant.

No. 03–1504.

United States Court of Appeals,
Second Circuit.

June 4, 2004.

Gino Josh Singer, New York, NY, for
Appellant.

John P. Collins, Jr., Assistant United
States Attorney for the Southern District
of New York (David N. Kelley, United

States Attorney, Celeste L. Koeleveld, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Present: VAN GRAAFEILAND, SACK, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Defendant-appellant Raymond Valencia was charged with one count of conspiring to distribute and possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). After an initial conviction based on a guilty plea, which this court affirmed, Valencia filed a *pro se* motion pursuant to 28 U.S.C. § 2255 successfully challenging his conviction on the ground that he had not allocuted to having conspired with anyone other than a government informant. After Valencia withdrew his guilty plea and waived his right to a jury, Fed.R.Crim.P. 23(a), the district court conducted a bench trial and subsequently entered a judgment of conviction. On appeal, Valencia argues that (1) the evidence was not sufficient to support a conspiracy conviction, and (2) venue was not proper in the Southern District of New York.

■ In an appeal from a judgment after a bench trial, we review the district court's legal conclusions *de novo, United States v. Coppola,* 85 F.3d 1015, 1019 (2d Cir.1996), and the district court's factual findings for clear error, Fed.R.Civ.P. 52(a); *White v. White Rose Food,* 237 F.3d 174, 178 (2d Cir.2001). "[A] defendant raising an appellate challenge to the sufficiency of the evidence supporting a conviction faces a 'heavy burden,' because we must review

the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *United States v. Gaskin,* 364 F.3d 438, 459 (2d Cir.2004).

■ Valencia is unable to carry this heavy burden. After reviewing the record, we conclude that there was sufficient evidence for the district court reasonably to find that Valencia was a member of a conspiracy to violate the narcotics laws. That the identity of his co-conspirator remains unknown does not bar this result, *United States v. Harris,* 8 F.3d 943, 946 (2d Cir.1993), nor, given the wholesale quantity of cocaine involved, does the "buyer-seller" rule apply, *see United States v. Medina,* 944 F.2d 60, 65–66 (2d Cir.1991).

■ Valencia waived his objection to venue by not raising it in a timely motion pursuant to Federal Rule of Criminal Procedure 29. *United States v. Bala,* 236 F.3d 87, 95–96 (2d Cir.2000). Moreover, even were this objection preserved for appellate review, Valencia's phone call from Queens to a government informant in Manhattan in order to discuss the contemplated drug transaction constituted an overt act in furtherance of the conspiracy, establishing venue in the Southern District with respect to the conspiracy charge. *See United States v. Naranjo,* 14 F.3d 145, 147 (2d Cir.1994)

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.