**UNITED STATES of America,**

v.

**Nathaniel L. ORTIZ, a/k/a "Nate," and Jose Reyes, Defendants.**

**No. S15 08 Cr. 548(DC).**

United States District Court, S.D. New York.

Oct. 23, 2009.

400

Preet Bharara, Esq., United States Attorney for the Southern District of New York, by: Todd Blanche, Esq., Michael D. Maimin, Esq., Assistant United States Attorneys, New York, NY, for the United States of America.

Quinn Emanuel Urquhart Oliver & Hedges, LLP, by: Marc L. Greenwald, Esq., Peter N. Tsapatsaris, Esq., Sara H. Mark, Esq., Isaac Nesser, Esq., New York, NY, for Nathaniel L. Ortiz.

Freeman Nooter & Ginsberg, by: Louis Marmorek Freeman, New York, NY, for Jose Reyes.

## MEMORANDUM DECISION

CHIN, District Judge.

On June 5, 2009, a jury convicted defendant Nathaniel L. Ortiz of conspiracy to distribute or possess with intent to distribute crack cocaine and possession of a firearm in furtherance of the conspiracy. Ortiz moves, pursuant to Federal Rule of Criminal Procedure 29, for a judgment of acquittal and dismissal of the superseding indictment (the "Indictment"). Ortiz advances three arguments in support of the motion. First, he argues that the evidence was insufficient to prove the charged conspiracy because of the lack of evidence as to three of the years in question. Second, he argues that there was a substantial variance between the dates of the conspiracy alleged in the Indictment and the proof adduced at trial. Third, he argues that the Indictment should be dismissed because insufficient evidence was presented to the grand jury.

At oral argument, Ortiz's co-defendant, Jose Reyes, joined the motion "to the extent that [his] position is not inconsistent with [Ortiz's]." (Oral Arg. Tr. at 5). No papers were filed on Reyes's behalf.

For the reasons set forth below, the motion is denied as to both Ortiz and Reyes.

## DISCUSSION

The Indictment charged Ortiz and Reyes with a conspiracy that continued "[f]rom at least in or about 2004, up to and including in or about June 2008." Ortiz's Rule 29 motion is predicated primarily on what he regards as the Government's failure to adduce sufficient evidence of a conspiracy in 2004, 2005, and 2006.[1]

---

**1.** Ortiz, of course, disputes that a conspiracy existed from 2007 to 2008 as well, but that is not a basis of this motion.

## A. *Standard on a Rule 29 Motion*

 A defendant moving for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure based on the sufficiency of the evidence "faces a heavy burden." *United States v. Glenn*, 312 F.3d 58, 63 (2d Cir.2002) (internal quotations omitted). The court must uphold a jury's guilty verdict if, after viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor, the court concludes that " '*any* rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Medina*, 944 F.2d 60, 66 (2d Cir.1991) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Therefore, a jury's verdict will be affirmed "so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt." *United States v. Hamilton*, 334 F.3d 170, 179 (2d Cir. 2003).

 A conviction, however, cannot be based on "speculation and surmise alone." *United States v. D'Amato*, 39 F.3d 1249, 1256 (2d Cir.1994). Thus, the Government "must do more than introduce evidence 'at least as consistent with innocence as with guilt.' " *Id.* (quoting *United States v. Mulheren*, 938 F.2d 364, 372 (2d Cir.1991)).

## B. *There Was Sufficient Evidence for the Years 2004, 2005, and 2006*

 Ortiz argues that the Court must enter a judgment of acquittal because there was no evidence that a conspiracy existed in 2005 and 2006, and there was "no reliable evidence" tying Ortiz to the conspiracy in 2004. He is incorrect on the law and the facts.

 To prove a defendant guilty of conspiracy, the Government must prove that a conspiracy existed and that the defendant knowingly participated at some point—not that he was active at all times during the duration of the conspiracy's life. "There is no requirement that the same people be involved throughout the duration of the conspiracy." *United States v. Vanwort*, 887 F.2d 375, 383 (2d Cir.1989). Here, the Government produced evidence both that the charged conspiracy existed from 2004 through 2008 and that Ortiz was a member of the conspiracy during its entire span. As the Government points out, it adduced at trial, *inter alia,* the following evidence as to the years before 2004 and continuing through 2006:

- Jonathan Santiago testified that in 2003, someone named "Javier" sold crack at 1269 Grand Concourse, and that "Javier" worked for Ortiz. (Trial Tr. at 108–15).

- Jose Reyes was convicted in 2004 for a sale of crack at 1269 Grand Concourse with an individual identified as the same "Javier" who, according to Santiago, sold crack for Ortiz. (Trial Tr. at 300).

- The crack sold by Reyes and Javier in 2004 was sold in the same black dime bags that Ortiz's crew used in 2007 and 2008—black dime bags that Officer Odalas Perez described as "very, very rare." (Government Exhibits 44A and 45A; Trial Tr. at 279).

- Santiago testified that Ortiz was "dealing" at 1269 Grand Concourse when Santiago was 14 years old— which would have been in 2004 or 2005. (Trial Tr. at 127).

- In late 2003, Lucecita Varela, Ortiz's wife, purchased a car for $12,491. She paid for the car in cash, and all the bills used were in a denomination under $100. (Gov. Exs. 103 & 103A).

- In 2005, Varela purchased two additional cars. (Gov. Ex. 103).

■ William Velasquez testified that he witnessed what he believed to be drug sales at 1269 Grand Concourse in 2005 and 2006, and that one of the sellers he saw was someone that Velasquez knew worked for Ortiz. (Trial Tr. at 760, 740).

■ In 2006, Varela purchased five additional vehicles, including a BMW, a Mercedes–Benz, an Infiniti, and a Chrysler Town & Country van. She paid for at least one of the vehicles in cash, with all the bills in a denomination under $100. Jose Taveras testified that Ortiz drove a BMW, a Mercedes–Benz, an Infiniti, and a Chrysler Town & Country van. (Gov. Ex. 103; Trial Tr. 355, 359–60).

■ During the years that Varela purchased these cars, she did not report to the IRS any significant income. (Gov. Ex. 103B).[2]

Ortiz vigorously contests all of this evidence, arguing that it proves nothing, is unreliable, is circumstantial,[3] and/or is contradicted by other evidence in the record. These are all arguments that Ortiz's able counsel made to the jury, and evidently the jury rejected them. It is not this Court's role to second-guess the inferences the jury drew, the weight it gave to the evidence, or its resolution of conflicts in the evidence.

■ As for defendant Reyes, the Government also met its burden with regard to his participation in the same conspiracy. They adduced evidence that he was convicted for selling crack cocaine as part of Ortiz's crew in 2004, and that he was back selling with Ortiz's crew again in 2007, after he got out of jail. (Trial Tr. at 930).

**C. *Even If There Was a Variance, It Was Not Prejudicial***

Ortiz argues that the Court must enter a judgment of acquittal because the supposed lack of evidence of the existence of the conspiracy from 2004 to 2006 constitutes a prejudicial variance. I disagree.

*1. Applicable Law*

■ A variance occurs when the evidence adduced at trial proves facts "materially different" than the facts alleged in an indictment. *United States v. Zingaro,* 858 F.2d 94, 98 (2d Cir.1988). In most instances a variance will not require granting a judgment of acquittal, because the Second Circuit employs a fairly "relaxed" standard regarding "the effect of time allegations." *United States v. Heimann,* 705 F.2d 662, 666 (2d Cir.1983). The Second Circuit has "permitted significant flexibility in proof, provided that the defendant was given notice of the 'core of criminality' to be proven at trial." *Id.* (quoting *United States v. Sindona,* 636 F.2d 792, 797–98 (2d Cir.1980)). A variance only warrants entry of a judgment of acquittal when it results in "substantial prejudice" to the defendant. *See United States v. Rigas,* 490 F.3d 208, 226 (2d Cir.2007); *United States v. McDermott,* 918 F.2d 319, 326 (2d Cir.1990). To determine whether a variance is prejudicial, the court must decide "whether the variance infringes on the 'substantial rights' that indictments exist to protect—'to inform an accused of the charges against him so that he may prepare his defense and to avoid double jeop-

---

**2.** There was substantial evidence as to the conspiracy's activities and defendants' activities in 2007 and 2008.

**3.** To the extent that Ortiz suggests the Government cannot prove its case through circumstantial evidence, he is incorrect. *See*

*United States v. Stewart,* 485 F.3d 666, 671 (2d Cir.2007) ("Both the existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence.").

ardy.' " *United States v. Dupre*, 462 F.3d 131, 141 (2d Cir.2006) (quoting *United States v. D'Anna*, 450 F.2d 1201, 1204 (2d Cir.1971)).

 In the Second Circuit, in general, "an indictment date only needs to be substantially similar to the date established at trial." *United States v. Teague*, 93 F.3d 81, 84 (2d Cir.1996) (internal citations and quotations omitted); *United States v. Morgenstern*, 933 F.2d 1108, 1115 (2d Cir.1991) (holding that "the district court correctly instructed the jury that there had to be a substantial similarity between the indictment and the proof in order to find the defendant guilty") (internal citations and quotations omitted); *United States v. Valencia*, 226 F.Supp.2d 503, 508 n. 3 (S.D.N.Y.2002) (Chin, J.), *aff'd*, 100 Fed. Appx. 17 (2d Cir.2004) (conviction upheld where evidence at trial showed narcotics activity only for five days out of the nineteen months charged in the indictment); 1–3 Sand Modern Federal Jury Instructions–Criminal § 3.01, Instr. 3–12 (recommending substantial similarity test). *But see United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir.1987) ("Where 'on or about' language is used, the government is not required to prove the exact date, if a date *reasonably near* is established.") (citations omitted) (emphasis added).

 In general, where the dates of a conspiracy proven at trial are within the dates charged in the indictment, courts conclude that the variance is not prejudicial. *See Heimann*, 705 F.2d at 666 ("Particularly with respect to allegations of time, we have permitted proof to vary from the indictment provided that the proof fell within the period charged."); *United States v. Wilson*, 134 F.3d 855, 865 (7th Cir.1998) ("If the conspiracy charged in the indictment includes the smaller conspiracy found by the jury, then the variance will not be fatal, since the indictment would have sufficiently notified the defen-

dants of the Government's accusations."); *United States v. Queen*, 132 F.3d 991, 999 (4th Cir.1997) (noting, in dicta, that "the trier of fact may find that the starting date of a conspiracy begins anytime in the time window alleged, so long as the time frame alleged places the defendant sufficiently on notice of the acts with which he is charged"). There are, however, exceptions. *See, e.g., United States v. Morales*, 185 F.3d 74, 80 (2d Cir.1999) (reversing RICO conviction where conspirators were incarcerated for seven years of nine-year charged conspiracy).

### 2. *Application*

As discussed above, there was sufficient circumstantial evidence in the record from which a reasonable jury could have concluded that a conspiracy existed from 2004 through 2006 (and continuing to 2008) and that Ortiz was a member of the conspiracy for the entire span. Therefore, no variance existed. The proof at trial substantially matched the allegations of the Indictment.

 Even assuming there was a variance, however, it would not warrant a judgment of acquittal, because the purported variance was not prejudicial. First, all the evidence of a conspiracy adduced at trial fell within the general period charged in the Indictment. The Second Circuit generally regards variances within the charged period as non-prejudicial. *See Heimann*, 705 F.2d at 666. Variances within the charged period are non-prejudicial because they do not infringe on the "substantial rights" that indictments protect—namely, informing the accused of the charges against him and avoiding double jeopardy. *Dupre*, 462 F.3d at 141. Variances that bring in evidence substantially outside of the charged period, on the other hand, pose the risk that the defendant will not be on notice of the nature of the charges against him, and that he will be at

risk of double jeopardy if he is subsequently charged in conjunction with those earlier or later acts.

Here, there can be no question that Ortiz's rights were safeguarded. Ortiz knew precisely the nature of the charges against him and the evidence the Government would use to support those charges, and there is no doubt that the Government could not retry Ortiz again for the same 2004–2008 conspiracy.

Ortiz argues that the Government only decided to expand the time frame of the charged conspiracy between the first trial and the second trial as a maneuver to make admissible certain prejudicial evidence from the earlier years. This argument is rejected. First, as noted above, there *was* a basis for expanding the period of the conspiracy because there was proof that the conspiracy existed during the entire period from 2004 until 2008. Second, I find that the Government did not act in bad faith in any event. Accordingly, there is no prejudicial variance.

*Morales* does not, as the co-defendants argue, compel a different result. The facts of that case are different from the facts presented here. In *Morales*, the defendants were charged with a RICO conspiracy beginning in 1987 and lasting until 1996. 185 F.3d at 80. In 1988, however, all the defendants either died or went to prison, and those who went to prison were not released until 1995. *Id.* The Second Circuit reversed the conviction on sufficiency of the evidence grounds, holding that because of the "length of incarceration and the dearth of evidence of activity between 1988 and 1995, no rational jury could have found beyond a reasonable doubt the existence of an enterprise lasting from 1987 to 1996." *Id.* at 81. Here, there is not, as

discussed above, a "dearth of evidence of activity" from 2004 to 2006. Rather, adequate circumstantial evidence was adduced at trial for every year of the charged conspiracy. Moreover, unlike the defendants in *Morales*, Ortiz was not charged with a RICO conspiracy, so there was no need for the government to prove the existence of a "continuing criminal enterprise." Proof of the existence of an "enterprise" during the seven years of the defendants' incarceration was central to the outcome in *Morales*. Thus, *Morales* is distinguishable.[4]

For these reasons, I conclude that there was no variance, as there is evidence in the record to support the jury's verdict that a conspiracy existed for each of the years charged in the Indictment. Even if there was a variance, though, it was not prejudicial. The same analysis applies to Reyes.

**D. *The Alleged Defects Before the Grand Jury Do Not Warrant Dismissal of the Indictment***

■ Ortiz argues that the Indictment should be dismissed because it is "the product of testimony and evidence that was incorrect and wholly insufficient to produce a valid bill of charges." (Ortiz Mem. at 17). Specifically, Ortiz takes issue with Special Agent Kolvek's grand jury testimony in which she testified that Ortiz had been involved in two pre–2007 "hand-to-hand sale arrests." (Nesser Decl. Ex. A at 14–15). As the Government later conceded, one of these arrests did not involve crack cocaine, and the Court struck the other arrest from admission at trial because the evidence tying Ortiz to the sale was so weak. Ortiz now moves for dismissal of the Indictment based on Special Agent Kolvek's "incorrect and conclusory testimony." The motion is denied.

4. *United States v. Russano*, on which Ortiz also relies, is also distinguishable. In *Russano*, the conspiracy charged was from 1951 until 1957, but no evidence was adduced at trial for the years 1952 to 1955. 257 F.2d 712, 713 (2d Cir.1958). As noted above, it is not the case here that there is *no* evidence for any of the years charged in the Indictment.

Even assuming the testimony was inaccurate, "[i]t is well settled that a guilty verdict at trial 'remedies any possible defects in the grand jury indictment.'" *United States v. Lombardozzi*, 491 F.3d 61, 80 (2d Cir.2007) (quoting *United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir.1996)); *United States v. Mechanik*, 475 U.S. 66, 73, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (holding that "the societal costs of retrial after a jury verdict of guilty are far too substantial to justify setting aside the verdict simply because of an error in the earlier grand jury proceedings"). Ortiz responds to this line of cases by arguing that the jury could not have cured the defect, because the defect was insufficient evidence of a conspiracy in 2004, 2005, and 2006. The Court cannot, however, dismiss a facially valid indictment based on insufficient evidence.[5] *See United States v. Calandra*, 414 U.S. 338, 345, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (holding that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence"); *United States v. Casamento*, 887 F.2d 1141, 1183 (2d Cir. 1989) (holding that facially valid indictment "may not be challenged on the ground that it is based on inadequate evidence"); *United States v. Butler*, 351 F.Supp.2d 121, 126 (S.D.N.Y.2004) (Lynch, J.) ("[I]t is hornbook law that a federal defendant may not challenge a facially-valid indictment ... on the ground that it is based on insufficient evidence."). Accordingly, Ortiz's motion to dismiss the Indictment is denied.

## *CONCLUSION*

For the foregoing reasons, the motion is denied in its entirety.

---

**5.** Ortiz does not argue that the Indictment was facially defective.