11-0608-cr
United States v. Christie

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

Present:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

---

United States of America,

> *Appellee*,

> v.                                                                No.      11-0608-cr

Selmor Reid, Philmour Gayle, Wayne Eulett, AKA Primer, Gossett McPherson, Leroy Collins, AKA Iroy, Kathy Sanchez, AKA Kathy Grant, Norma Dixon, AKA Joy,

> *Defendants*

David Christie, AKA Big Man,

> *Defendant - Appellant*.

---

1

FOR APPELLANT:          Richard H. Rosenberg, New York, N.Y.

FOR APPELLEE:           Christian R. Everdell, Christopher D. Frey, Andrew L. Fish,
                        Assistant United States Attorneys, *of counsel*, *for* Preet Bharara,
                        United States Attorney for the Southern District of New York,
                        New York, N.Y.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Sweet, J.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant David Christie appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, J.) convicting him, following a jury trial, of (1) conspiracy to import into the United States and (2) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana. The district court sentenced Christie to 20 years' incarceration, five years' supervised release, and imposed a $200 special assessment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

Christie argues on appeal that the district court should have instructed the jury on multiple conspiracies and that the court's failure to give such a charge caused him substantial prejudice. A defendant challenging a district court's decision to omit a multiple conspiracy charge must show both that "there was evidence of separate networks operating independently of each other" and that the defendant "suffered substantial prejudice resulting from the failure to give the requested charge." United States v. Cusimano, 123 F.3d 83, 89 (2d Cir. 1997) (internal

2

citation and quotation marks omitted). We hold that Christie has not shown either, and accordingly affirm the decision of the district court.

Christie argues that the evidence at trial established nine different conspiracies. That assertion is without merit. A single conspiracy exists where the government has shown "that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." United States v. Martino, 664 F.2d 860, 876 (2d Cir. 1981). We traditionally examine several factors to determine when a single conspiracy exists, including the overriding goal of the conspiracy, the core group who led the conspiracy, if the individual operations shared common participants, if the individual schemes were independent, and if the participants used distinctive means and methods common among the individual operations. United States v. Berger, 224 F.3d 107, 115 (2d Cir. 2000). The operations in Newark, Philadelphia, and Miami were led by a core group of participants (with Christie as the main supplier) and clearly constituted a "collective venture directed toward a common goal" with the overriding goal to import from Jamaica narcotics to sell in the United States. Martino, 664 F.2d at 876, Berger, 224 F.3d at 115.

Testimony from trial established that a supplier (Selmor Reid, Christie, "Cecil," "Spy," or "Dave") would give the drugs to a handler (Dave) at the Montego Bay Airport, who hid the drugs behind Bin Four of the plane's cargo section; the supplier then communicated the tail number on the plane to either an intermediary (Sekou Gooden) or the baggage handler at the airport; if the intermediary knew the plane's tail number he told the baggage handler (Philmour Gayle and Patrick Coulton); once the plane landed, the baggage handler located the plane based on the tail number, removed the drugs, and turned them over to a distributor (Christie's

3

distributor was Wayne Eulett and Dave's was Gossett McPherson). The operations at the several locations and among the several participants thus utilized "distinctive means and methods," Berger, 224 F.3d at 115, as well as "overlapping of participants in the various dealings," United States v. Johansen, 56 F.3d 347, 351 (2d Cir. 1995). See also United States v. Nersesian, 824 F.2d 1294, 1302-03 (2d Cir. 1987) (holding one conspiracy existed where core members ran the importation and distribution of heroin through different suppliers in Syria and several distribution points in the United States); United States v. Vanwort, 887 F.2d 375, 384-85 (2d Cir. 1989) (holding a single conspiracy where one person organized two operations with two different airlines and a different employee from each airline for the common purpose of importing Brazilian cocaine).

Christie's assertion that the Newark operations constituted two conspiracies because Christie replaced Reid as the main narcotics supplier is without merit. "[C]hanges in membership [do not] necessarily convert a single conspiracy into multiple conspiracies," United States v. Maldonado-Rivera, 922 F.2d 934, 963 (2d Cir. 1990), and "[t]here is no requirement that the same people be involved throughout the duration of the conspiracy," Vanwort, 887 F.2d at 383. The fact that Christie replaced Reid after a dispute arose between Reid and another co-conspirator does not show multiple conspiracies. "[I]t is not at all uncommon for disagreements to occur in a common enterprise," so it is not "inconsistent with such an ongoing, unitary conspiracy that disputes might arise . . . and that switches in affiliation might occur from time to time." United States v. Aracri, 968 F.2d 1512, 1522 (2d Cir. 1992) (quoting United States v. Heinemann, 801 F.2d 86, 92 (2d Cir. 1986)). For the same reasons, Christie's argument that personnel changes on the distribution end of operations constituted more than one conspiracy is without merit.

4

Christie's assertion that, because the drugs were imported to three different airports in Newark, Philadelphia, and Miami, there were three different conspiracies also fails. "[S]hifting emphases in the locales of operations [do not] necessarily convert a single conspiracy into multiple conspiracies." Maldonado-Rivera, 922 F.2d at 963 (finding a single conspiracy even though each of the phases—a robbery, money transfers, and a gift giveaway—took place in distinct locations from Connecticut to Mexico). Further, a single conspiracy is not transformed into multiple conspiracies solely by the fact that it involved "two or more phases or spheres of operation," Maldonado-Rivera, 922 F.2d at 963, or that it "occur[ed] in more than one stage and at different times" so long as there was "an ongoing connection between transactions," United States v. Vasquez, 113 F.3d 383, 387 (2d Cir. 1997). The evidence at trial established an "ongoing connection between transactions" where the same participants used the same methods and the same means to import drugs by plane into the United States over a course of four years. Consistent with an ongoing connection and the interdependence of the operations, Christie did not establish the Miami operations in addition to or distinct from the Newark and Philadelphia operations but shifted operations there because several personal disputes between co-conspirators interrupted operations into Newark. Berger, 224 F.3d at 115.[1]

---

[1] Even if the testimony at trial established multiple conspiracies, the failure to instruct the jury on multiple conspiracies did not substantially prejudice Christie. Christie was tried alone, which "seriously undermines any possible claim of substantial prejudice." United States v. Harris, 8 F.3d 943, 947 (2d Cir. 1993). Neither shocking nor inflammatory evidence was admitted against Christie because evidence of other suppliers and other narcotics trafficking was "largely repetitive" and "substantially the same conduct as that proven against [Christie]." Cusimano, 123 F.3d at 90 (internal citation omitted); United States v. Alessi, 638 F.2d 466, 475 (2d Cir. 1980). Indeed, much of the evidence Christie contends establishes multiple conspiracies was admitted for purposes other than establishing the conspiracy and would have been admitted regardless of the distinction between single and multiple conspiracies. See United States v. Sir Kue Chin, 534 F.2d 1032, 1035 (2d Cir. 1976) (noting there was no error in admitting evidence of two conspiracies at trial, even though the indictment charged one offense, because the

We have considered all of Christie's remaining arguments and find them to be without

merit.

Accordingly the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

evidence would have been admissible otherwise to show intent); United States v. Diaz, 176 F.3d 52, 79 (2d Cir. 1999) ("[I]t is within the [district] court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged . . . ." (internal citation and quotation marks omitted)).